CARMAN, Appellee,

v.

CARMAN, Appellant.

[Cite as *Carman v. Carman* (1996), 109 Ohio App.3d 698.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–08–140.

Decided March 11, 1996.

*Myron A. Wolf,* for appellee.

*Lutz, Boster & Cornetet* and *Karen P. Meyer,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Larry Dale Carman, appeals from a divorce decree entered by the Butler County Court of Common Pleas, Domestic Relations Division.

Appellant and plaintiff-appellee, Dee Anne Carman, were married on September 11, 1982. Two children were born during the marriage. Appellant is serving in the United States Army as a field recruiter. Appellee is employed by the Fairfield Educational Building as a day care provider. Appellee filed a complaint for divorce on November 30, 1994. A trial was held on May 31, 1995.

The trial court entered a decision on June 20, 1995 dividing the parties' assets. Appellee was designated residential parent of the parties' two minor children and appellant was ordered to pay child support in the amount of $362 per month per child. Appellant was also ordered to pay spousal support to appellee in the amount of $350 per month for a period of four years. A judgment entry and decree of divorce was filed on July 25, 1995. It is from this judgment that appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The lower court erred in computing defendant-appellee's [*sic*] child support by not correctly attributing to him credit for military in-kind benefits."

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant-appellant by not attributing to plaintiff-appellee her realistic potential income."

Assignment of Error No. 3:

"The trial court erred to the prejudice of the defendant-appellant in failing to articulate a rationale or basis for spousal support."

Assignment of Error No. 4:

"The lower court erred to the prejudice of defendant-appellant by failing to provide a rationale for defendant-appellee [*sic*] to pay plaintiff's attorney fees."

■ In his first assignment of error, appellant contends that the trial court incorrectly computed his child support obligation by failing to credit him for military "in-kind" benefits which he receives on a monthly basis. The in-kind benefits for which appellant argues he should receive credit include free medical benefits for himself and the children and access to the Commissary, PX, and Army recreational facilities.

■ A trial court must follow the provisions contained in R.C. 3113.215 when fashioning an appropriate child support order. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 110, 616 N.E.2d 218, 221; *Eickelberger v. Eickelberger* (1994), 93 Ohio App.3d 221, 223, 638 N.E.2d 130, 132. According to R.C. 3113.215(B)(1), the amount of child support payable, as calculated pursuant to the child support schedule contained in R.C. 3113.215(D) and the appropriate worksheet contained in either R.C. 3113.215(E) or (F) is rebuttably presumed to be the correct amount of child support due. A child support obligation is calculated by computing the annual income of both parties. R.C. 3113.215. The annual income of a party employed "to full capacity" is the annual gross income of that party. R.C. 3113.215(A)(1).

R.C. 3113.215(A)(2) provides as follows:

" 'Gross income' means, except as excluded in this division, the total of all earned and unearned income from all sources during the calendar year, whether or not the income is taxable, and includes, but is not limited to, income from salaries, wages, * * *; income of members of any branch of the United States armed services or national guard, including, but not limited to, amounts representing base pay, basic allowance for quarters, basic allowance for subsistence, supplemental subsistence allowance, cost of living adjustment, specialty pay, variable housing allowance, and pay for training or other types of required drills * * *."

The trial court found that appellant's gross annual income was $32,297 for purposes of child support calculations.[1] The record indicates that in determining appellant's gross annual income, the trial court included in appellant's income his base pay, basic allowance for quarters, basic allowance for subsistence, specialty pay, and variable housing allowance. After a thorough review of the record, we find no evidence that in calculating his annual gross income for child support

---

1. We note that in his Affidavit of Income, Expenses, Health Insurance, and Financial Disclosure, appellant lists his base yearly wages as $32,297.16.

purposes the trial court considered any other military benefits to which appellant may be entitled other than those allowed by R.C. 3113.215. Accordingly, appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the trial court erred by not attributing realistic potential income to appellee. Appellant argues that appellee formerly worked as a cosmetologist and her potential income is much higher than the annual income which the trial court attributed to her.

If the trial court finds that one parent is unemployed or underemployed, the trial court may compute the annual gross income of that parent by adding that parent's annual gross income to any potential income that the parent would be able to earn. R.C. 3113.215(A)(1) and (5); *Rock,* 67 Ohio St.3d at 111, 616 N.E.2d at 221. The potential income which the court may attribute to an unemployed or underemployed spouse is based upon "the amount the parent would have earned if he or she had been 'fully employed.'" *Id.* at 111, 616 N.E.2d at 221, quoting R.C. 3113.215(A)(5)(a). The amount of potential income is determined by "the parent's employment potential and probable earnings based on the parent's recent work history, job qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides." *Id.* at 111, 616 N.E.2d at 221, citing R.C. 3113.215(A)(5)(a).

■ Whether a parent is voluntarily unemployed or underemployed is a factual determination to be made by the trial court based upon the circumstances of each particular case. *Id.* at 112, 616 N.E.2d at 222. An appellate court will not disturb the trial court's finding in this regard absent an abuse of discretion. *Id.* An "abuse of discretion" connotes more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Appellee testified that she has been employed as a day-care provider since September 1994. Appellee testified that she works thirty hours per week at a rate of $4.60 per hour. Appellee testified that although she could work more than thirty hours per week, her schedule does not permit her to do so at this time, as she works around the children's schedules.

Appellee also testified that she had a cosmetology license but it has been expired for over six years. Appellee stated that in order to renew her cosmetology license she would be required to complete one thousand eight hundred hours of training at a cost of $3,256 and then take another state board examination. Appellee also testified that in addition to contemplating renewal of her cosmetology license, she is considering attending dental assistant school which would cost

approximately $4,200. Appellee stated that she would like to go back to school but she would have to work fewer hours in order to do so.

The trial court found that appellee's annual gross salary was $7,020 based upon appellee's testimony that she was employed as a day-care provider thirty hours per week at the rate of $4.60 per hour. After a careful review of the record, we find no abuse of discretion in the trial court's failure to impute potential income to appellee. There is no evidence that appellee will go to school in the foreseeable future to either renew her cosmetology license or become a dental assistant. Likewise, there is no evidence that appellee is not employed to full capacity given the fact that she is residential parent of the parties' two children. See *Goode v. Goode* (1991), 70 Ohio App.3d 125, 130, 590 N.E.2d 439, 441–442. Accordingly, appellant's second assignment of error is overruled.

In his third assignment of error, appellant contends that the trial court erred in failing to articulate a rationale or basis for its award of spousal support to appellee. Appellant argues that the trial court is required by R.C. 3105.18 and *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, to articulate the rationale or basis for its decision whether to award spousal support to a party.

In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a) through (n). A trial court has broad discretion to examine all the evidence before it determines whether an award of spousal support is appropriate. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 130, 541 N.E.2d 597, 599. A decision regarding spousal support will not be disturbed on appeal absent an abuse of discretion. *Blakemore,* 5 Ohio St.3d at 218–219, 5 OBR at 482, 450 N.E.2d at 1141–1142.

According to R.C. 3105.18, there is no requirement that the trial court make specific findings of fact regarding its award of spousal support to a party. Cf. R.C. 3105.171(G). In addition, the record indicates that appellant did not request specific findings of fact and conclusions of law pursuant to Civ.R. 52 regarding the trial court's spousal support order. In the absence of a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52, "the trial court need only consider the factors set forth in R.C. 3105.18; it need not list and comment upon each of them." *Adams v. Adams* (July 18, 1994), Clermont App. No. CA94–02–011, unreported, at 4, 1994 WL 372227, citing *Griffith v. Griffith* (June 20, 1988), Butler App. No. CA87–10–129, unreported, 1988 WL 65595. Thus, when a party does not request findings of fact and conclusions of law, we will presume that the trial court considered all the factors listed in R.C. 3105.18 and all other relevant facts. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 356, 20 O.O.3d 318, 323, 421 N.E.2d 1293, 1299.

■ Appellant also argues that the trial court must articulate the rationale for its award of spousal support based upon the holding in *Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197, that "[i]n allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Id.* at paragraph two of the syllabus. However, *Kaechele* does not require the trial court to articulate the rationale or basis of its spousal support decision in the divorce decree. *Fausey v. Fausey* (Oct. 13, 1995), Montgomery App. No. 14673, unreported, 1995 WL 634378.

According to *Kaechele*, either the record or the trial court's decision with respect to spousal support must indicate the basis for the award in detail sufficient to permit an appellate court to establish whether the award is fair, equitable and in accordance with law. *Id.*, 35 Ohio St.3d at 97, 518 N.E.2d at 1201. Thus, as long as the record contains adequate support for the trial court's award of spousal support, the *Kaechele* requirement has been met. *Speed v. Speed* (July 3, 1995), Butler App. No. CA94-10-193, unreported, 1995 WL 389675. See, also, *Fausey, supra.*[2]

■ Although the trial court did not state in its decision the basis for its award of spousal support to appellee, the evidence in the record supports the trial court's award of spousal support. The testimony indicated that the parties had been married for twelve years. At the time of the proceedings, appellant's annual gross income was approximately $32,000. Appellee, on the other hand, was earning annual gross income of approximately $7,000. Appellee also testified that her schedule did not permit her to work more hours due to the fact that she was designated residential parent of the parties' two minor children and works around their schedules. Further, since the trial court specifically reserved jurisdiction over the issue of spousal support, the award can be modified or terminated upon an appropriate change in circumstances.

The trial court ordered appellant to pay spousal support to appellee in the amount of $350 per month for four years. After a thorough review of the record, we cannot conclude that the trial court's award of spousal support was so arbitrary, unreasonable, or unconscionable as to constitute an abuse of discretion.

---

2. With respect to the issue of whether the trial court must articulate the rationale or basis for its spousal support award in the divorce decree, we hereby overrule any prior inconsistent decisions from this court in which we have held that the trial court must supply independent findings in the divorce decree in addition to evidence contained in the record. See, *e.g., Davis v. Davis* (Nov. 26, 1990), Fayette App. No. CA90-04-003, unreported, 1990 WL 183497; *Duncil v. Duncil* (May 3, 1993), Warren App. Nos. CA92-09-084 and CA92-09-088, unreported, 1993 WL 137025.

See *Blakemore,* 5 Ohio St.3d at 218, 5 OBR at 482, 450 N.E.2d at 1141–1142. Accordingly, appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant contends that the trial court erred in failing to provide a basis for its award of attorney fees to appellee. The decision whether to award attorney fees is within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 18 OBR 415, 417, 481 N.E.2d 609, 612; *Neal v. Neal* (Oct. 24, 1994), Butler App. Nos. CA94–03–065 and CA94–03–073, unreported, 1994 WL 580233. Thus, a trial court's decision with respect to attorney fees will be affirmed unless the court's attitude is unreasonable, arbitrary, or unconscionable. *Dunbar v. Dunbar* (1994), 68 Ohio St.3d 369, 371, 627 N.E.2d 532, 534.

The record indicates that appellant did not request, pursuant to Civ.R. 52, separate findings of fact and conclusions of law regarding the trial court's award of partial attorney fees to appellee. Absent separate findings of fact and conclusions of law on this issue, we will presume that the trial court considered all the relevant statutory guidelines, including the provisions of R.C. 3105.18. *Cherry,* 66 Ohio St.2d at 356, 20 O.O.3d at 323, 421 N.E.2d at 1299; *Becker v. Becker* (Sept. 13, 1993), Clermont App. No. CA93–04–024, unreported, 1993 WL 358147. Further, as long as the record contains evidence in support of the award of attorney fees, the trial court's decision will not be reversed by a reviewing court. *Rand,* 18 Ohio St.3d at 359, 18 OBR at 417, 481 N.E.2d at 612.

The record contains sufficient evidence to support the trial court's decision to award partial attorney fees to appellee in the form of additional spousal support. The record indicates that appellant earns approximately $32,000 per year while appellee earns approximately $7,000 per year. The record includes testimony from appellee that after the payment of monthly bills and other expenses, she does not have any remaining funds.

Appellee presented evidence that the hourly rate charged and the amount of time expended by her attorney was reasonable. Specifically, appellee submitted an itemized bill for services rendered for her representation which listed a billing rate of $125 per hour and a total of eighteen hours expended for a total amount due of $2,295. Further, the trial court heard testimony from H.J. Bressler, an attorney who practices in the field of domestic relations in the same community in which appellee's attorney practices. Bressler testified that in his experience $125 per hour for domestic relations work was fair and reasonable and that the amount of time expended by appellee's attorney was reasonable.

The trial court ordered appellant to pay to appellee, as additional spousal support, the sum of $1,000 toward her attorney fees. The trial court ordered the payment to be made within thirty days of the trial court's decision or if appellant

could not pay the amount in a lump sum, appellant could make installment payments in the amount of $100 per month for ten months.

Based upon a careful review of the record, we find that the trial court's decision to award appellee partial attorney fees does not amount to an abuse of discretion. See *Dunbar,* 68 Ohio St.3d at 371, 627 N.E.2d at 534; *Rand,* 18 Ohio St.3d at 359, 18 OBR at 417, 481 N.E.2d at 612. There is ample evidence in the record that the attorney fees charged appellee were reasonable and that appellee cannot reasonably afford to pay all of her own attorney fees. Accordingly, appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., and POWELL, J., concur.