OPINION
Plaintiff-appellant, Darryl Schanda, appeals from a divorce decree entered by the Clinton County Court of Common Pleas. We affirm.
Appellant and defendant-appellee, Julie A. Schanda, were married on July 20, 1985. They had two children during their marriage: Kenneth Schanda, born on February 14, 1986, and Timothy Schanda, born on September 29, 1987. Appellant also adopted Rick Schanda, born on June 21, 1982. Rick Schanda is appellee's child from a previous marriage. Appellant filed for divorce on January 28, 1994, alleging incompatibility between appellant and appellee.
The divorce proceedings lasted for more than two years. During that time, five hearings were held lasting approximately seven hours each. During the proceedings, over twenty witnesses testified which resulted in 1,296 pages of transcript. Two different psychiatrists evaluated the children. The trial court designated appellee residential parent and legal custodian of the children. The trial court also ordered appellant to pay spousal support of $400 per month for sixty months. Spousal support will terminate before the end of the sixty-month period if appellee dies, remarries, or cohabitates with a member of the opposite sex. Appellant assigns three errors in this appeal.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION ON DECIDING THAT CUSTODY OF THREE MINOR CHILDREN SHOULD BE WITH THEIR MOTHER WHICH IS CONTRARY TO THEIR BEST INTEREST AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
A trial court's determination of custody should be rebuttably presumed correct by a reviewing court because the trial court has the advantage of observing the witnesses and the parties. Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124. Custody determinations must be guided by the language of R.C. 3109.04, and will be reversed only upon a showing of an abuse of discretion, or if the decision is against the manifest weight of the evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23, Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Abuse of discretion is more than an error of law or judgment because "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. A trial court's award of custody is not against the manifest weight of the evidence if it is supported by a substantial amount of credible and competent evidence. Bechtol at 23.
In the present case, the trial court acknowledged that it had reviewed the factors enumerated in R.C. 3109.04. Further, there are many facts in the record which show that the trial court's decision was not unreasonable, arbitrary or unconscionable. Two psychologists testified that appellee was capable of being a good parent. The children's school principal testified that appellee was a very active volunteer at the school, was always well-prepared and organized, and that the children appeared to be well-groomed. The children's pediatrician testified that appellee was always very conscientious about appointments and appeared to do well as a mother. Friends of appellee testified that appellee had a very close and nurturing relationship with her children, her home was always clean, and that she was always doing things for her family. The trial court also interviewed each child separately and found that the children loved appellee and that appellee showed love for them.
Appellant contends that there was enough evidence presented to show that appellee was an unfit mother. Appellant tried to prove that appellee was taking drugs and "having illicit affairs with various different men." He hired a private investigator to follow appellee from February 1994 until September 1994. While appellant was at the home during weekend visitations with the children, appellant would rifle through appellee's trash, dresser drawers, clothes, and personal belongings, hoping to find evidence that would be harmful to appellee's character.
In trying to show that appellee used drugs, appellant took pictures of bags that he had supposedly found in different locations of the home. Appellant stated that he believed that the bags contained marijuana and testified that he had found a bag underneath one of the children's mattresses. After finding the bags and photographing them, appellant stated that he returned the bags to their original position. On cross-examination, appellant testified that the reason he did this was so that appellee would "keep hanging herself." Appellant's reasoning shows that appellant was more concerned with harming appellee than with the possibility that his children were being exposed to harmful substances. The trial court commented that "several of the pictures appeared to be of the same items but taken in different locations" and assigned little if any credibility to the evidence.
Based upon a careful review of the complete record of the proceedings, we hold that the trial court did not abuse its discretion or rule against the manifest weight of the evidence in making appellee the residential parent and legal custodian of the three children. We overrule appellant's first assignment of error.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING APPELLEE SPOUSAL SUPPORT IN EXCESS OF WHAT WAS SUFFICIENT AND FOR TOO LENGTHY A PERIOD OF TIME.
In determining the amount of spousal support, and the duration of payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1). Carman v. Carman (1996), 109 Ohio App.3d 698,703. A trial court has broad discretion in awarding spousal support, and its decision will not be disturbed absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 130, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218-219.
Appellant earned $47,917 as a skilled aircraft mechanic in 1995. At the time of the trial, appellee was a secretary earning $12,740. Appellant was the primary financial provider throughout their eight and one-half years marriage. Appellant wanted appellee to stay at home and care for the children. Appellee's only work experience during the marriage occurred in a three-year period during which she was a part-time waitress. Appellee has no college education but intends to attend nursing school. The court in its opinion stated that it had considered all factors enumerated under R.C. 3105.18. After a thorough review of the lengthy record, we cannot conclude that the trial court's award of spousal support was so arbitrary, unreasonable, or unconscionable as to constitute an abuse of discretion. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING CUSTODY WHEN THE COURT FAILS TO TAKE INTO ACCOUNT THE DEMEANOR OF THE PARTIES AND WITNESSES IN MAKING ITS DECISION.
Appellant suggests the trial court did not properly consider the demeanor of the witnesses. Appellant contends that the trial court did not notice that "some of the witnesses were sweating profusely" and did not take into account appellee's reactions to the witnesses. There is nothing in the record to show that the trial court wasn't paying attention. After having reviewed the record, we find nothing that would show that the trial court abused its discretion in determining the credibility of the witnesses. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.