Defendant-appellant, Phyllis Barrett, appeals from a Butler County Court of Common Pleas, Domestic Relations Division, decision denying her spousal support from plaintiff-appellee, Ricky L. Barrett, and dividing the parties' property upon remand from this court. We affirm.
The parties were married on May 21, 1987. On April 19, 1994, appellee filed a complaint for divorce. After a judgment entry and divorce decree was issued on May 26, 1995, appellant appealed to this court arguing that the trial court abused its discretion in dividing the parties' property and by denying her spousal support. In Barrett v. Barrett (June 10, 1996), Butler App. No. CA95-06-110, unreported, this court found that the trial court's division of the parties' property was an abuse of discretion. Id. at 10-19. Accordingly, the matter was remanded to the trial court to recalculate the property division. Id. at 19. In addition, since the record did not support the trial court's finding that appellant was cohabiting with her boyfriend at the time of the trial, we found that the trial court erred by denying spousal support to appellant. Id. at 19-33. Accordingly, the issue of spousal support was also remanded to the trial court. Id.
Upon remand, the initial trial judge recused himself. A second trial judge held a hearing on December 8, 1997 and subsequently issued a decision recalculating the division of the parties' property. The trial judge found that the parties had $24,000 of marital equity in the marital residence. The trial judge awarded appellant one-half of the marital equity, $12,000. The trial judge also awarded appellant an additional $8,366 of equity in the marital residence for money that appellee owed to appellant. The trial judge included $2,000 in this additional award based upon a finding that appellee gave $4,000 of marital funds to his relatives.
Upon remand, the parties stipulated that any award of spousal support would be limited to the period from March 24, 1995, the date that appellant's temporary spousal support was terminated, to appellant's remarriage on December 15, 1995. Further, appellee did not raise the issue of cohabitation. Nonetheless, after reviewing the factors set forth in R.C. 3105.18(C)(1), the trial judge determined that an award of spousal support was not appropriate or reasonable and denied spousal support to appellant for the period from March 24, 1995 to December 15, 1995.
On appeal, appellant has once again asserted two assignments of error in which she argues that the trial judge erred in recalculating the equity in the marital residence and by denying her spousal support. In the first assignment of error, appellant asserts that the trial judge abused her discretion in recalculating the parties' property division upon remand. Specifically, appellant argues that the trial judge erred by classifying the $4,000 that appellee gave to his relatives as marital property and only awarding her an additional $2,000 of equity in the marital residence instead of an additional $4,000.
A trial judge's classification of property as separate or marital will not be reversed absent an abuse of discretion. Peck v. Peck (1994), 96 Ohio App.3d 731, 734. Further, a trial judge has wide discretion in determining an equitable distribution of property and liabilities. Kaechele v. Kaechele (1985), 35 Ohio St.3d 93,95. Thus, a trial judge's division of property and liabilities will not be reversed absent an abuse of discretion. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. An abuse of discretion implies that the trial judge's determination was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In appellant's first appeal, we found that the trial judge made several errors in calculating the division of the parties' property. Barrett at 10-19. Therefore, we reversed and remanded the matter to the trial judge with instructions to recalculate the property division. Id. at 19. Of relevance to the instant appeal, we instructed the trial judge to recalculate the property division "bearing in mind that appellant is entitled to the $4,000 appellee gave to relatives." Id. at 19.
Appellant argues that since she was entitled to a credit of $4,000 for the money that appellee gave to his relatives pursuant to this court's decision in her prior appeal, the trial judge's division of the equity in the marital residence was not fair and equitable. However, in order to make an equitable distribution of the parties' property, the trial judge retained the discretion upon remand to classify the money that appellee gave to his relatives as separate or marital property. See, generally, Emmert v. Emmert (Aug. 19, 1998), Summit App. No. 18675, unreported. Further, the initial trial judge classified the money that appellee gave to his relatives as "marital funds" in the divorce decree, and appellant did not produce any evidence upon remand that the money was her separate property. Therefore, the trial judge did not abuse her discretion by classifying the money as marital property. Finally, in light of the determination that the $4,000 was marital money, the trial judge did not abuse her discretion by only awarding appellant a $2,000 credit and by finding that it was fair and equitable to award $20,366 of equity in the marital residence to appellant and $3,634 to appellee. Accordingly, appellant's first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by refusing to award her spousal support for the period from March 24, 1995 to December 15, 1995. In determining whether to award spousal support, a trial court must consider the fourteen factors set forth in R.C.3105.18(C)(1).[1] Carman v. Carman (1996), 109 Ohio App.3d 698,703. Based upon the circumstances of each case, a trial court has broad discretion in determining the proper amount and duration of spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. Therefore, a trial court's refusal to award spousal support will not be disturbed absent an abuse of discretion. Id. An abuse of discretion implies that the court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, appellant argues that an award of spousal support should have been made for the period from March 24, 1995 to December 15, 1995, because of the disparity in the parties' incomes and earning abilities. R.C. 3105.18(C)(1)(a), (b). A review of the record reveals that during the parties' marriage, appellee generally had a much higher income and earning ability than appellant. However, for much of the period from March 1995 to December 1995, appellee's income was reduced to $200 per week because he was on sick leave with injuries that he suffered in an automobile accident. At the same time, appellant was able to begin work in September 1995 and earned approximately $1,000 per month through December 1995. Therefore, the disparity in the parties' income and earning abilities was not as significant for the period from March 24, 1995 to December 15, 1995.
A review of the record also reveals that the trial judge considered the other statutory factors in R.C. 3105.18(C)(1) in finding that an award of spousal support was not appropriate or reasonable. Specifically, the trial judge found the parties' physical, mental and emotional conditions were relatively equal, R.C. 3105.18(C)(1)(c), the parties divided appellee's retirement benefits that were accumulated during the marriage, R.C.3105.18(C)(1)(d), the parties did not have a marriage of long duration, R.C. 3105.18(C)(1)(e), the parties had about the same level of education, R.C. 3105.18(C)(1)(h), neither party contributed to the education, training or earning ability of the other, R.C. 3105.18(C)(1)(j), neither party required additional education or training in order to gain employment, R.C.3105.18(C)(1)(k), and neither party suffered lost income production capacity as a result of the marriage, R.C.3105.18(C)(1)(m).
Based upon the foregoing, we conclude that although there was some disparity in the parties' incomes and earning abilities, the trial judge's denial of spousal support for the period from March 24, 1995 to December 15, 1995 was not unreasonable, arbitrary, or unconscionable. Accordingly, the trial judge's denial of spousal support was not an abuse of discretion and appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] R.C. 3105.18(C)(1) provides:
 In determining whether spousal support is appropriate and reasonable * * * the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.17.1 of the Revised Code;
(b) The relative earning ability of the parties;
 (c) The ages and physical, mental, and emotional condition of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties including, but not limited to, any court-ordered payments by the parties;
 (j) The contributions of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.