Appellant Judith Lashley is appealing the decision of the Stark County Court of Common Pleas, Domestic Relations Division, concerning the distribution of appellant's property division award and the trial court's denial of her request for spousal support. The following facts give rise to this appeal.
Appellant Judith Lashley and Appellee James Lashley were married on August 14, 1982. No children were born as issue of the marriage. Both parties are employed at the Timken Company. During the parties' marriage, appellant controlled the parties finances. On December 1, 1995, appellee filed for divorce. Appellee discovered that appellant had opened numerous charge accounts, unbeknownst to appellee, by falsifying appellee's signature and having the statements sent to a post office box.
On October 7, 1997, the magistrate issued a decision. Both parties filed objections to the magistrate's decision. On March 25, 1998, the trial court issued a judgment entry modifying the magistrate's decision, in part. The trial court sustained appellant's objection that the magistrate erred in listing the value of the credit card expenditures as an asset to appellant without including the debt as a liability to appellant in determining the division of the assets and debts of the parties. This modification resulted in a larger cash award to appellant. However, the trial court further ordered appellant's counsel to escrow the $20,977.75 she is to receive, under the terms of the property division, until appellant pays the credit card debt awarded to her.
The trial court issued its final judgment entry in this matter on April 16, 1998. Appellant timely filed her notice of appeal and sets forth two assignments of error for our consideration:
 I. THE TRIAL COURT'S ORDER THAT THE APPELLANT'S PROPERTY DIVISION AWARD UNDER THE DIVORCE DECREE BE HELD IN ESCROW UNTIL SUCH A TIME THAT THE APPELLANT PAY OFF THE LISTED CREDIT CARD DEBTS IS CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT'S FAILURE TO AWARD SPOUSAL SUPPORT TO THE DEFENDANT/APPELLANT IS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.
 I
Appellant contends, in her first assignment of error, the trial court's order requiring appellant's property division be held in escrow until such time that certain non-marital debts are paid takes away her right to file bankruptcy given to her under federal law. We disagree.
A review of a trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore(1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's first assignment of error.
In support of this assignment of error, appellant relies upon the case of Barnett v. Barnett (1984), 9 Ohio St.3d 47. We find this case inapplicable to the case sub judice. The issue before the Ohio Supreme Court, in Barnett, was whether the automatic stay provision of Sec. 362, Title 11, U.S.C. violated theTenth Amendment of the United States Constitution insofar as it stays a state court contempt action to enforce a divorce decree dividing marital property. The Court held that it did not. Based on our interpretation of Barnett, we do not find the trial court abused its discretion by requiring appellant's property division award to be escrowed, with her attorney, until appellant pays the credit card debts totaling $14,414.18. R.C. 3105.171(F)(2) specifically permits the trial court to consider the assets and liabilities of the parties when making a division of marital property.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant claims the trial court abused its discretion when it failed to award her spousal support. We disagree.
Pursuant to R.C. 3105.18(C)(1), trial courts are to consider certain factors in making determinations of spousal support:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3107.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) the contribution of each party to the education, training or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Further, trial courts are governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
As in appellant's first assignment of error, we will review this assignment of error under an abuse of discretion standard.Kahn v. Kahn (1987), 42 Ohio App.3d 61, paragraph three of the syllabus.
In support of this assignment of error, appellant claims the trial court abused its discretion because in calculating the parties' incomes, the trial court used appellee's actual earnings and appellant's projected earnings. However, the record indicates the reason the trial court used appellant's projected earnings was because appellant recently obtained a new position and a raise and therefore, her actual earnings were unknown at the time. Further, as set forth in R.C.3105.18(C), income is merely one factor the trial court is to consider when determining whether to award spousal support.
Although the trial court did not discuss, in its judgment entry denying appellant spousal support, all the factors contained in R.C. 3105.18(C), this statute does not require a trial court to do so. Absent a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52, the trial court need only consider the factors set forth in R.C. 3105.18.Carman v. Carman (1996), 109 Ohio App.3d 698, 703. There is no requirement that the trial court list and comment on every factor. Id. When a party does not request findings of fact and conclusions of law, it is presumed the trial court considered all of the factors listed in R.C. 3105.18. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 356.
The record in this matter indicates the trial court had before it evidence of the factors relevant to this case. The trial court considered the age of the parties, retirement benefits, assets and liabilities, duration of the marriage, relative incomes, and standard of living established during the marriage. Judgment Entry, April 16, 1998, at 7.
Appellant also argues the trial court should have remanded the issue of spousal support to the magistrate after the trial court ordered appellant to pay the credit card debt. R.C.3105.18(B) provides that the trial court must divide property before considering the issue of spousal support. Once the property division is made, the trial court must then determine whether an award of spousal support is reasonable and appropriate by considering the factors contained in R.C.3105.18(C).
In ruling on the objections, the trial court sustained appellants objection to the property division which resulted in appellant receiving a higher total property division award. However, the trial court's judgment entry provides for exactly the same distribution procedure. We do not find the trial court erred by failing to remand the issue of spousal support to the magistrate after the trial court increased appellant's property award. The trial court reviewed the issue of spousal support after it altered the property division. Therefore, there was no need to remand this matter to the magistrate.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P., Hoffman, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.