OPINION
Appellant Thomas McConnell appeals the trial court's decision granting appellee Irene J. McConnell spousal support, and he assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN MAKING ITS SPOUSAL SUPPORT DETERMINATION IN THAT THE COURT DID NOT CONSIDER ALL THE FACTORS LISTED IN R.C. 3105.18(C)(1) AS REQUIRED BY THE SUPREME COURT IN KAECHELE V. KAECHELE (1988), 35 OHIO ST.3D 93.
 II. THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT FOR AN INDEFINITE PERIOD OF TIME AND SHOULD HAVE PROVIDED FOR A TERMINATION OF THE AWARD WITHIN A REASONABLE AMOUNT OF TIME AND UPON A DATE CERTAIN.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The trial court granted a divorce after the parties, pursuant to a separation agreement, agreed on all issues affecting the marriage spousal support. The separation agreement specifically called for the trial court to award spousal support. The trial court thereafter awarded appellee $2,295 per month in spousal support, which terminates upon death, remarriage, or cohabitation. The trial court reserved the right to modify the award in the event of changed circumstances; however, the trial court did not state a termination date.
Before making the award, the trial court heard evidence regarding the parties' history. Appellant who is 48 years old earns $96,000 a year, not including substantial bonuses, which have amounted to a total of $15,000. Appellee is a 47 year old teacher who stopped teaching to rear their son, who was 18 years of age at the time of the divorce. Appellee presently works at Kaufmann's as a clerk at $8.00 an hour.
An expert testified that appellee could become re-certified as a teacher in a year and a half. The expert estimated as a teacher she could earn $20,000 to $25,000 a year. The expert noted that those figures described the teaching market in Cleveland. Appellee testified she planned to relocate to Mansfield where her relatives live. The expert felt this move could interfere with her earning $20,000 a year as a teacher. The trial court noted that, while recertification might be easy, appellee's chances of finding a job could prove difficult.
The parties are in good health. However, appellee stated she suffered from arthritis, which prevented her from taking full time employment with Kaufmann's.
Appellee testified that when appellant could not work, she worked. She also explained that she abandoned her career to rear their child, and she could not have maintained a career because they moved several times for appellant's career opportunities.
Appellee agreed to sell her interest in the marital residence to appellant. She planned to move into an apartment but could not estimate her future expenses. She did provide information regarding gas, car repairs, health insurance, clothing, and hair care expenses. Appellant stated 95% of his living expenses were reimbursed by his company. He expected his son's living with him might increase his expenses.
After the trial court's award of spousal support, it did not issue findings of fact and conclusions of law and appellant did not request them. This appeal followed.
At the outset, we note that appellant failed to request that the trial court make findings of fact and conclusions of law. Consequently, "when a party does not request findings of fact and conclusions of law, we will presume that the trial court considered all of the factors listed in R.C. 3105.18 and all other relevant facts." Carman v. Carman (1996), 109 Ohio App.3d 698,703, 672 N.E.2d 1093, 1096, citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 356, 421 N.E.2d 1293, 1299.
Further, the trial court need not list and comment upon each factor, it need only consider the factors listed in R.C. 3105.18.Id., citing Adams v. Adams (July 18, 1994), Clermont App. No. CA94-02-011 unreported, citing Griffith v. Griffith (June 20, 1988), Butler App. No. CA87-10-129, unreported.
In appellant's first assigned error, he argues in substance that appellee does not need the amount award. Because we presume the court considered all of the factors in R.C. 3105.198 [3105.18](C)(1), we look now to whether this record supports the award.
Our standard of review is, of course, discretionary. Discretionary review requires that we give deference to the trial court unless the trial court has acted unreasonably, unconscionably, and arbitrarily; in which case the trial court abuses its discretion. The Ohio Supreme Court has defined abuse of discretion as follows:
 "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations." State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 15 Ohio B. Rep. 311, 361, 473 N.E.2d 264, 313, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810, 811-812. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3.
R.C. 3105.18(C)(1) provides a list of factors to be used by the trial court when deterring an award of spousal support.
 Among those factors are the respective earning abilities of the parties, the relative assets and liabilities of the parties, the standard of living enjoyed by the parties, and the time and expense necessary for the spouse who is seeking spousal support to acquire education, training and experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training or job experience and employment is in fact sought.
Munroe v. Munroe (1997), 119 Ohio App.3d 530, 540,695 N.E.2d 1155, 1161, quoting Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597, 599, interpreting R.C. 3105.18(C)(1).
The trial court acted within its discretion when it awarded spousal support to appellee. The record in this case indicates that the trial court had before it the respective earning abilities of the parties. Appellant's earnings included his $96,000 a year, plus a $15,000 yearly bonus. Appellee, an uncertified teacher, earned $8.00 an hour as a clerk at Kaufmann's. Although she had been trained as a teacher, she left that position to rear her son. The trial court concluded that re-certification might be attainable; however, finding employment might prove difficult for her.
The trial court also had other factors to consider: twenty-six year old marriage; an established middle class standard of living; and the appellant's contribution as homemaker. Appellee stated she gave up her teaching career to rear their child who is now an adult. She also stated she could not maintain her career because they moved frequently for appellant's career opportunities. Finally, the record showed appellee desired to move to Mansfield where her relatives are located. This move could delay finding a job and re-certification.
Appellant argues that appellee did not need the support. In light of the fact that we presume the trial court reviewed the factors, and it is, of course, the trial court's discretion to make the award, we are persuaded that the trial court acted properly in awarding the support amount.
Justice Resnick wrote a powerful dissent in Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 554 N.E.2d 83. She recognized that all divorces are unique and the trial court operating in that uniqueness must be given latitude to look at all of the pertinent factors when awarding spousal support. The equitable standard of an award should be measured by whether the payee-spouse will be able to support herself in some reasonable degree to that established during the marriage.
After Kunkle, the General Assembly redefined R.C. 3105.18(C)(1) to include the appropriate and reasonable standard. Suggesting at least that the need factor is not the only barometer in which a trial court may be guided to award spousal support.
Accordingly, we conclude that in a case where the payee-spouse ended her career to rear the parties' child in a marriage of a long duration, an award of spousal support in this amount may be reasonable and appropriate. Justice Resnick pointed out that where reasonable persons might differ on this issue then the trial court's award is not unreasonable. We must in every review be mindful not to substitute our judgment for that of the trial court.
Also, we recognize that the award is not permanent and repugnant to Kunkle's reasonableness standard. The trial court did retain jurisdiction to review the award if and when the circumstances change.
Therefore, we conclude that in applying the stringent standard of abuse of discretion, we believed that the trial court acted properly. Appellant's first assigned error is overruled.
Finally, appellant argues the trial court should have set a termination date. The standard of review is again discretionary. However, we appreciate the Supreme Court's decision in Kunkle v.Kunkle, which mandated that an award termination date be set. However, Kunkle did set forth exceptions. We believe they apply here. This is a 26 year old marriage and appellee, a homemaker spouse, gave up her career to work in the home, of course, we recognize that she has a career opportunity; however, she has not worked for any appreciable time as a teacher. She would need to become re-certified, and as the court pointed out, her chances of finding a job could be difficult. She will need time and it would be premature to set a date for termination at this time. SeeD'Amore v. D'Amore (March 28, 1996), Cuyahoga App. No. 68101, unreported. Thus, in view of the appropriate and reasonable standard under R.C. 3105.08, the trial court acted within its discretion not to set a termination date but to retain jurisdiction for modification at a later date. We are mindful that termination dates are "required to place a definitive limit upon the parties' rights and responsibilities," but not in this case. Kunkle at syllabus. Appellant's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 _______________________________ PATRICIA ANN BLACKMON JUDGE