DECISION AND JUDGMENT ENTRY
The sole issue in this appeal from the Lucas County Court of Common Pleas, Domestic Relations Division, is whether the trial court abused its discretion in denying appellant's request for attorney fees[1]. Because we find that the lower court's attitude in reaching its judgment is not unreasonable, arbitrary or unconscionable, we affirm.
It is within the sound discretion of the trial court to award attorney fees in a divorce action. Rand v. Rand (1985), 18 Ohio St.3d 356, 359;Carman v. Carman (1996), 109 Ohio App.3d 698, 705. A decision not to award attorney fees will be reversed only upon a showing of an abuse of that discretion. Dunbar v. Dunbar (1994) 68 Ohio St.3d 369, 371; Laynev. Layne (1992), 83 Ohio App.3d 559, 568. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3105.18(H) provides, in material part:
 "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees."
In the case before us, appellant, Mary W. Schafer, sought a divorce from appellant, William P. Schafer. Included in her complaint was a request for attorney fees. This request was repeated in various motions throughout the course of the proceedings below. Appellant also presented expert testimony as to the necessity for and reasonableness of the attorney fees.In his decision, the domestic relations judge found that the attorney fees requested by appellant were "not reasonable or necessarily incurred." The court considered the record of this case, the testimony of the parties, the attorney fee statement and the testimony of appellant's expert in reaching this decision. The court noted that appellant's departure, on the day that she filed her complaint for divorce, from the court's jurisdiction with the parties' three minor daughters led to needless expenses and litigation involving appellee's visitation rights. The judge further stated that appellant filed several motions that were unwarranted and bordered "on being frivolous" and which engendered unnecessary, unreasonable attorney fees on behalf of both parties. In addition, the court observed that neither of the parties adequately complied with pre-trial orders; specifically, each failed to obtain values for certain items of property, including the marital residence. Finally, the trial court found that appellant, a nurse, and appellee, a cardiologist, were provided with sufficient assets through the division of the marital property to pay their own attorney fees and that neither would have been prevented from fully litigating the issues in this case in the absence of an award of attorney fees.
Upon a complete review of the record of this case, we cannot say that the trial court's attitude in denying appellant's request for attorney fees was unreasonable, arbitrary or unconscionable. None of the issues in this cause were particularly difficult or unique. The main issues in contention involved appellee's right to companionship and visitation with his daughters and his child support arrearage. Both parties filed numerous motions with regard to these questions. Our review reveals that some of these motions did give rise to unnecessary attorney fees and to other expenses incurred by the parties as a result of orders on these motions. In the end, the parties stipulated to the allocation of parental rights and responsibilities.
Furthermore, and despite appellant's arguments to the contrary, at least one of appellant's motions to limit or halt visitation was directly linked to the payment of child support arrearage by appellant. Such a request contravenes the mandates of R.C. 3109.05(D) and former R.C.3113.215(C), repealed March 22, 2001. Moreover, and more importantly, each party had the ability to pay their own attorney fees and each could fully litigate the issues raised without an award of attorney fees. Accordingly, the trial court did not abuse its discretion in denying appellant's request for the same.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] Appellant's sole assignment of error reads:
 "The trial court erred in finding that Appellant's attorneys [sic] fees were neither reasonable nor necessary and in not awarding to her reasonable fees to be paid by Appellee."