OPINION
{¶ 1} Defendant-appellant, Lonnie Burns, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, ordering spousal support in a divorce proceeding. Plaintiff-appellee, Linda Burns, cross-appeals, contesting the domestic relations court's decision finding that appellant adequately traced separate property. We affirm the domestic relations court's decision.
 {¶ 2} Appellant and appellee married in December 1988. In February 2002, appellee filed a complaint for divorce in which she asked for spousal support. After a hearing in March 2002, a magistrate granted temporary spousal support to appellee in the amount of $400 per month.
 {¶ 3} The domestic relations court held a final hearing on the parties' divorce in September 2002. The court granted the divorce in a decision filed November 2002, in which it divided the parties' assets and awarded spousal support to appellee in the amount of $100 per month for five years. After appellee filed a motion to clarify, the domestic relations court issued an entry ordering that spousal support be set at $400 per month for five years. Appellant now appeals that decision, assigning one error as follows:
 {¶ 4} "The trial court erred to the prejudice of defendant-appellant when it ordered him to pay spousal support in the amount of $400.00 a month for five years."
 {¶ 5} In his sole assignment of error, appellant argues that it was error for the domestic relations court to increase spousal support from $100 to $400 per month without providing reasons for that change.
 {¶ 6} A trial court has broad discretion to determine the proper amount of spousal support based on the facts and circumstances of each case. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. A trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} The record shows that appellee was 55 years old at the time of the final divorce hearing, and that she was unemployed. Appellee testified that her only income was the $400 per month of temporary spousal support that the magistrate had ordered. Appellee further testified that she was living with her half-sister's brother, paying him $300 in rent and spending the other $100 on prescription drugs. Appellee had not worked outside the home during her marriage to appellant, which had lasted 14 years. Prior to the marriage, appellee had worked various minimum wage jobs.
 {¶ 8} The record shows that appellant was 63 years old and unemployed at the time of the final divorce hearing. Appellant testified that he received a pension from his past employment at the Diebold Safe Company in the amount of $210 per month. Appellant also had social security disability income in the amount of $1,115 per month. Appellant testified that he had paid off the mortgage on his house, and that he had no car payments. Additionally, the domestic relations court awarded appellant $47,000 from the parties' bank accounts as appellant's separate property.
 {¶ 9} We find no abuse of discretion by the domestic relations court in failing to specify the precise reasons why it changed the spousal support amount, given the absence of a request for separate findings of fact by appellant. See Carmanv. Carman (1996), 109 Ohio App.3d 698, 703-704. It is apparent from the record that the reason for the change was to correct an oversight brought to the court's attention by appellee's motion to clarify. The court was merely restoring the spousal support amount to the $400 per month amount set by the magistrate, rather than leaving appellee with only $100 per month. As appellee testified, spousal support was her only source of income. We find no abuse of discretion. Appellant's sole assignment of error is overruled.
 {¶ 10} Appellee assigns one error on cross-appeal as follows:
 {¶ 11} "The trial court erred to the prejudice of cross-appellant in finding that appellant had traced his separate property."
 {¶ 12} In appellee's cross-assignment of error, she argues that appellant did not adequately trace his separate property. Appellee argues that the separate identity of appellant's pre-marital property was destroyed when he commingled the property with marital funds in the parties' savings account.
 {¶ 13} We review the classification of property as marital or separate under a manifest weight of the evidence standard.Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001, 1999 WL 760978. Under such review, the trial court's factual findings relating to classification of property as marital or separate "are reviewed to determine whether they are supported by competent, credible evidence." Id. at *4.
 {¶ 14} "Separate property" includes "[a]ny real or personal property or any interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]" R.C.3105.171(A)(6)(a)(ii). "The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Peck v. Peck (1994), 96 Ohio App.3d 731, 734. The commingling of separate and marital property does not destroy the identity of the separate property unless the separate property is not traceable. R.C. 3105.171(A)(6)(b).
 {¶ 15} The domestic relations court classified $47,000 from the parties' bank accounts as appellant's separate property. This separate property was comprised of $37,000 appellant received from the sale of pre-marital real estate, and $10,000 appellant received as inheritance.
 {¶ 16} Both parties testified that appellant received $37,000 in 1991 from the sale of his Indiana farm, and $10,000 in inheritance in 1993 upon the death of his parents. The parties also testified that appellant deposited this money in the parties' joint savings account. The parties further testified that money from the joint savings account was used for the parties' expenses during the marriage, including the parties' operation of a lawn ornament business. However, appellant testified that the account balance, which also included funds indisputably marital, was always in excess of $47,000, except for a brief period in 1993 when it fell slightly below that amount. That period was before appellant received his $10,000 inheritance. Appellant eventually transferred the funds from the savings account to two certificates of deposit ("CDs"), the combined balance of which remained above $47,000. The combined balance of the two CDs at the time of the final hearing was approximately $97,000. Appellant provided bank statements verifying his testimony.
 {¶ 17} The domestic relations court's decision that appellant should receive $47,000 in separate property was not against the manifest weight of the evidence. There was competent, credible evidence before the court supporting its decision that the $47,000, though commingled with marital funds, was traceable from the CDs to the savings account to appellant's separate property. We find this case distinguishable from Freytag v. Freytag (Aug. 15, 1994), Butler App. No. CA93-11-223, 1994 WL 424135. InFreytag, no attempt was made to trace the supposedly separate property from a joint bank account to an inheritance. Further, inFreytag, the inheritance money was "consistently shuffled between down payments on marital residences and household and family expenses" for a period of 27 years. Id. at *3.
 {¶ 18} Appellee also argues that it was error for the domestic relations court to award appellant his automobile as "part of his [s]eparate [p]roperty," or to not set off the value of the automobile against the $47,000. However, the court did not award appellant his automobile as his separate property. The court's judgment entry and decree of divorce clearly states that appellant's automobile is a marital asset, the value of which should be equally divided between the parties. Therefore, we find no error. Accordingly, appellee's cross-assignment of error is overruled.
 {¶ 19} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.