JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Wilfredo Caraballo ("defendant") appeals from various aspects of the judgment entry and decree of divorce entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division arising out of the divorce action between defendant and plaintiffappellee Emilia Caraballo ("plaintiff"). For the reasons set forth below, we affirm in part; reverse in part and remand
 {¶ 2} Plaintiff and defendant were married pursuant to common-law principles in 1964. Two children were born as issue of the marriage, each being emancipated at the time the complaint was filed. Plaintiff filed for divorce on November 8, 2001. A contested divorce trial was held on November 10, 2003. The trial court issued a decision on December 5, 2003, finding that the plaintiff was entitled to a divorce on the grounds of gross neglect of duty and extreme cruelty and resolving the distribution of the parties' assets and debts.
 {¶ 3} It is from that decision that defendant now appeals and raises two assignments of error for our review.
 {¶ 4} "I. The trial court's ruling that $16,000.00 of $24,268 joint and survivorship bank account in the names of the defendant and his late uncle is marital property and should be divided equally between the plaintiff and the defendant is not supported by statute, case law and the facts and is error."
 {¶ 5} In the first assignment of error, defendant argues that the trial court erred in finding that the money in a joint and survivorship bank account in the name of the defendant and his late uncle was a marital asset subject to distribution.
 {¶ 6} Generally, this Court reviews the overall appropriateness of a trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348. However, the initial determination by a trial court that an asset is separate or marital property is a factual finding that will not be reversed unless it is against the manifest weight of the evidence. Okosv. Okos (2000), 137 Ohio App.3d 563. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-ofdiscretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 7} Under R.C. 3105.171(A)(3)(a)(ii), marital property is defined as all real and personal property that is currently owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C.3105.171(A)(3)(b)(6)(vii) defines separate property as "any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 8} Under certain circumstances, separate property may be converted to marital property when it is commingled with marital property. Peck v. Peck (1994), 96 Ohio App.3d 731, 734. The commingling of separate and marital property, however, does not destroy the character of the separate property unless its identity as separate property is not traceable. R.C.3105.171(A)(6)(b); Peck, supra. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Id. Here, defendant claims that the joint and survivorship account is his separate property.
 {¶ 9} A joint and survivorship account is created under the principles of contract law. In re Webb (1969),18 Ohio App.2d 287, 296-297. The intention of the parties is the controlling element in determining the rights of the parties to a joint and survivorship account. Sidaway v. Winters (Aug. 16, 1985), Ashtabula App. No. 1209. Any sums remaining on deposit at the death of a party to a joint and survivorship account belong to the surviving party or parties unless there is clear and convincing evidence of a different intention at the time the account is created. Wright v. Bloom (1994), 69 Ohio St.3d 596.
 {¶ 10} Here, the trial record revealed that in 1993, a joint and survivorship account was established in the name of the defendant and his uncle, Luis Caraballo ("uncle"). While the plaintiff claims that she cooked for the uncle and assisted in his care, the court may not speculate as to the intention of the parties. Indeed, the evidence before the trial court demonstrates that the uncle did not intend to include the plaintiff on the account, since the joint and survivorship account was created during the pendency of the marriage, and had the uncle intended to provide for the plaintiff, he certainly could have done so.
 {¶ 11} Moreover, there is no evidence of commingling marital funds. The joint and survivorship account was funded entirely by the uncle's social security checks. Neither the defendant nor the plaintiff made any deposits into or withdrawals from the account during the life of the uncle.[1] Accordingly, we find that the joint and survivorship account was the defendant's separate property and that the trial court erred in concluding that $16,000 of the account was marital property subject to distribution.
 {¶ 12} Assignment of Error I is sustained.
 {¶ 13} "II. The trial court's award of $1,530.00 spousal support and the right of the plaintiff to remain in the marital home until the defendant retires under the economic circumstances of the parties in this cases [sic] is an abuse of discretion by the trial court."
 {¶ 14} In the second assignment of error, the defendant argues that the trial court erred in its award of spousal support and the use of the marital home.
 i. Spousal Support {¶ 15} A trial court has broad discretion in determining whether to award spousal support; however, it must consider each factor listed in R.C. 3105.18. Vanderpool v. Vanderpool (1997),118 Ohio App.3d 876, 879. There is no requirement that the court make specific findings of fact regarding its decision whether or not to award spousal support. Carman v. Carman (1996),109 Ohio App.3d 698. Indeed, in the absence of a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52, the trial court need only consider the factors set forth in R.C.3105.18, it need not list and comment upon each of them. Id. at 703. Thus, when a party does not request findings of fact and conclusions of law, we will presume that the trial court considered all the factors listed in R.C. 3105.18 and all other relevant facts. Id., citing Cherry v. Cherry, supra.
 {¶ 16} Here, the record indicates that defendant did not request separate findings of fact and conclusions of law regarding the trial court's award of spousal support. Accordingly, we must presume that the trial court considered all of the relevant statutory guidelines under R.C. 3105.18(C)(1). Ibid. As long as the record contains evidence justifying the award of spousal support, the trial court's decision will not be reversed by this Court. Id.
 {¶ 17} Here, the record contains sufficient evidence to affirm the trial court's decision to award spousal support in the amount of $1,530 per month. The testimony indicated that the parties had been married for 37 years. Defendant is 58 years old and plaintiff is 63 years old. At the time of the proceedings, defendant's annual gross income was approximately $42,000 and he received retirement and deferred compensation benefits. Plaintiff, on the other hand, was receiving approximately $5,500 a year in Social Security disability benefits. Plaintiff also testified that she is unable to work because she has a heart condition and is unable to get around easily.
 {¶ 18} Based upon our review of the record, we find that the trial court's decision to award plaintiff spousal support in the amount of $1,530 per month does not amount to an abuse of discretion.[2]
 i. Use of Marital Home {¶ 19} In reviewing the judgment of the trial court granting the plaintiff temporary use of the marital home, this Court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. Niro v.Niro (Feb. 2, 1989), Cuyahoga App. No. 54965, citing Brigantiv. Briganti (1984), 9 Ohio St.3d 220. An abuse of discretion implies the court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 20} Here, we do not find this order to be unreasonable. Plaintiff is 63 years old and disabled. She has lived in the marital home for nearly 13 years, has her family nearby, and feels safe there. We also hold this disposition is equitable since the proceeds of the sale of the property at a later date are to be divided equally among the parties. Accordingly, we conclude the court did not abuse its discretion in any aspect of this award. Assignment of Error II is overruled.
Judgment affirmed in part, reversed in part, and case remanded.
It is ordered that appellant and appellee share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.
[1] Upon the uncle's death in 2002, defendant withdrew money from the account to pay for the uncle's funeral and to disburse money to family and friends who attended the funeral.
[2] Moreover, since the trial court specifically reserved jurisdiction over the issue of spousal support, the award can be modified or terminated upon an appropriate change in circumstances.