OPINION
{¶ 1} Defendant-appellant, Kerry D. Hayden, appeals the judgment of the Warren County Court of Common Pleas, Domestic Relations Division, on various issues related to the divorce between appellant and plaintiff-appellee, Cynthia A. Hayden ("wife"). We affirm in part, reverse in part and remand for further proceedings.
 {¶ 2} Appellant and his wife were married on May 23, 1981. Three children were born as issue of the marriage in 1983, 1985 and 1992, respectively. The parties originally filed for divorce by complaint and counterclaim in October 2001. The parties attempted reconciliation from February 2002 until July 20, 2002. Hearings were held on the divorce action in January and February 2003, and a decision was issued in March. An entry and decree of divorce was filed on July 16, 2003.
 {¶ 3} Both appellant and his wife were represented by counsel during the divorce proceedings. Appellant, now pro se, filed the instant appeal, setting forth 12 assignments of error. These assignments will be presented verbatim, but some of the assignments may be combined or taken out of order to facilitate this appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The lower court displayed undue prejudice in the case as evidenced by statements by the presiding judge that went against testimony given, had no basis in testimony and were inconsistently applied. The prejudice most likely resulted from inattention to detail due to the overworked condition of the presiding judge. This prejudice influenced the judge's decision to the detriment and penalty of the defendant."
 {¶ 6} In addressing this assigned error, we note that a judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption. Wardeh v. Altabchi, 159 Ohio App3d. 325,2004-Ohio-4423, at ¶ 20, citing In re Disqualification ofKilpatrick (1989), 47 Ohio St.3d 605.
 {¶ 7} The Ohio Supreme Court, not the courts of appeals, has authority to determine a claim that a common pleas court judge is biased or prejudiced. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-442. If appellant believed that the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of disqualification for prejudice with the clerk of the Ohio Supreme Court. R.C. 2701.03.
 {¶ 8} Even if this issue were properly before this court, we have reviewed the record and find no evidence of prejudice on the part of the trial court. Accordingly, appellant's first assignment of error is overruled.
 {¶ 9} We will combine appellant's second and third assignments of error, as these assignments are interrelated.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "The lower court abused its authority and went against the evidence by failing to recognize the defendant's well-conceived work PLAN for early retirement and reduction of workload. This PLAN was well formulated for good cause (defendant's health) and properly implemented all before defendant's marriage to plaintiff. By not recognizing this premarital plan, the lower court placed the plaintiff's wealth over the defendant's health." [sic]
 {¶ 12} Assignment of Error No. 3:
 {¶ 13} "The lower court abused its authority and went against the evidence by ordering unreasonable spousal support and not equally distributing risk when determining spousal support. Further the lower court deviated from the law by not considering well-established premarital PLANS and failing to consider all factors under law regulating spousal support."
 {¶ 14} A trial court has broad discretion in determining whether to award spousal support. Vanderpool v. Vanderpool
(1997), 118 Ohio App.3d 876, 878. There is no requirement that the court make specific findings of fact regarding its decision on whether to award spousal support. Carman v. Carman (1996),109 Ohio App.3d 698, 703. In the absence of a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52, the trial court need only consider the factors set forth in R.C. 3105.18, but it need not list and comment upon each of them, id. at 703, and this court presumes that the trial court considered all the factors listed in R.C. 3105.18 and all other relevant facts. Id., citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 356.
 {¶ 15} The trial court specifically mentioned appellant's testimony that he planned his financial affairs toward retirement in or around the age of 55, that he wanted to pursue missionary work, and that his current employment was stressful. The trial court also heard evidence on the spousal support factors, including: the established standard of living, the age and physical, mental and emotional condition of the parties, the relative earning abilities, the retirement benefits, the relative assets and liabilities of the parties, and the lost income production capacity resulting from marital responsibilities.
 {¶ 16} We find nothing in the record to indicate that the trial court failed to consider appellant's goals or abused its discretion in its decision to award spousal support to the wife for 96 months. Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 17} Assignment of Error No. 4:
 {¶ 18} "The lower court abused its authority and went against the evidence by ordering excessive child support. The fact of equal shared parenting was ignored. The risk of income was also unfairly assigned to the defendant. This is especially unfair as the records clearly indicate that parenting had been shared and the defendant was the sole parent primarily meeting the financial and educational interest of the children throughout the marriage. The decision to deviate was not in the best interest of the children."
 {¶ 19} We apply an abuse of discretion standard of review when reviewing a trial court's decision regarding child support.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. According to the child support calculation worksheet in the instant case, the trial court listed appellant's annual gross income as $250,000, and an annual gross income for appellee of $45,000. The trial court indicated that it would consider a calculation above $150,000 to be in the best interest of the children, considering their current lifestyle. The trial court also noted the parenting time allocated for each parent. After reviewing the record in this case, we cannot say that the trial court abused its discretion in its child support order. Appellant's fourth assignment of error is overruled.
 {¶ 20} The next several assignments of error deal with the allocation of property and the determination of marital and separate property.
 {¶ 21} Generally, this court reviews the overall appropriateness of a trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry, 66 Ohio St.2d, at syllabus. The division of marital property shall be equal, but if an equal division would be inequitable, the trial court shall instead divide it between the spouses in the manner the trial court determines equitable. R.C. 3105.071(C)(1).
 {¶ 22} The initial determination by a trial court that an asset is separate or marital property is a factual finding that will not be reversed unless it is against the manifest weight of the evidence. Okos v. Okos (2000), 137 Ohio App.3d 563,569-570; see R.C. 3105.171(A)(3) and (6) (marital and separate property defined). The commingling of separate and marital property does not destroy the character of the separate property unless its identity as separate property is not traceable. R.C.3105.171(A)(6)(b).
 {¶ 23} Once the determination has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse of discretion standard. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 24} Assignment of Error No. 5:
 {¶ 25} "The lower court abused its authority and went against the evidence by improperly ordering expenses paid for defendant's father to be repaid to plaintiff. These expenses were family obligations paid during the course of the marriage, as were expenses for plaintiff's mother. In addition, expenses paid once support orders are in effect are out of that party's income and dividing those expenses constitutes a "double dip" on that party's income."
 {¶ 26} The trial court found that appellant used marital assets to pay the nursing home expenses of appellant's father during the pendency of the divorce. Based upon our review under an abuse of discretion standard, we will not overturn the trial court's determination on this issue. Appellant's fifth assignment of error is overruled.
 {¶ 27} Assignment of Error No. 6:
 {¶ 28} "The lower court abused its authority and went against the evidence by using an average bank account balance, which has no meaning, rather than an exact balance that was tracked dollar for dollar. Real values accurately reflect balances in time where averages do not."
 {¶ 29} The trial court indicated that it was awarding the wife half of the average balance in the parties' bank account at the commencement of divorce proceedings. The initial complaint for divorce was filed in October 2001. It is not clear to this court how the trial court arrived at the $83,822 amount it split between the parties and we can find no proper evidence of this specific amount. Further, the trial court made no findings concerning why an "average balance" amount was used. Accordingly, we find that the trial court abused its discretion in allocating the marital bank account with the last four digits of 3730. Appellant's sixth assignment of error is sustained.
 {¶ 30} We will address Assignments of Error No. 7 and No. 9 together.
 {¶ 31} Assignment of Error 7:
 {¶ 32} "The lower court abused its authority and went against the evidence by assigning all credit card payments to defendant. Credit card expense should have been split between the parties as it reflected household expenses. In addition, a party should not be allowed to benefit from their criminal activity if a doubt exists. Since all sky miles accumulated from this debt, if defendant is responsible for the entire debt then he should not have to split the sky miles accumulated by this debt."
 {¶ 33} Assignment of Error 9:
 {¶ 34} "The lower court abused its authority and went against the evidence by not allowing as premarital and separate houses admittedly owned by the defendant before the marriage. To base this decision on inability to trace assets when the court found that plaintiff probably illegally removed documents from defendant's separate residence, allows plaintiff to benefit from her criminal activity and is wrong."
 {¶ 35} After reviewing the record, we cannot say that the trial court abused its discretion in allocating the credit card debt, in splitting the credit card sky miles, and in its finding in regard to the premarital and separate houses owned by appellant before the marriage
 {¶ 36} Appellant asserted that his wife stole necessary documents but there was no proof of the allegation. We agree with the trial court that appellant did not provide alternative documentation to assist the trial court's determination of these issues and classification of the property as marital or nonmarital. For that reason, we find that the trial court had no other recourse, given the evidence before it. We can find no abuse of discretion on these issues and appellant's seventh and ninth assignments of error are overruled.
 {¶ 37} Assignment of Error No. 8:
 {¶ 38} "The lower court abused its authority and went against the evidence by allowing jewelry to be separate and personal property to the plaintiff and calling guns marital property. No items acquired with marital assets should be decided as separate unless they all are and if marital items are to be declared separate they should be offset with equal value. To declare jewelry separate to the wife and guns not separate to the husband is sexual discrimination and a reflection of Error I. In addition, items purchased after court ordered division of income should not be subject to split. (See Error 5) [sic]."
 {¶ 39} Separate property is defined, in part, as a gift of real or personal property made after the marriage if proven by clear and convincing evidence to have been given to one spouse.Hess v. Riedel-Hess, 153 Ohio App.3d 337, 2003-Ohio-3912, at ¶23; R.C. 3105.171 (A)(6)(vii). First, we note that we could not locate evidence in the record concerning the jewelry, its recipient, and the circumstances upon which it was received. More importantly, the trial court indicated from the bench that it was permitting each party to keep his or her jewelry, but such finding was never reduced to writing in either the trial court's decision or judgment and decree. As a court speaks through its journal entries and not through comments from the bench, we must remand this issue to the trial court. See Cox v. Cox (1923),108 Ohio St. 473, 474 (a judgment is not rendered until it is reduced to a journal entry); State ex rel Ruth v. Hoffman
(1947), 82 Ohio App. 266, 268 (a decision is not an oral pronouncement of the judge from the bench, but a more deliberate decision of the court speaking through its journal entry). Appellant's eighth assignment of error is sustained.
 {¶ 40} Assignment of Error No. 10:
 {¶ 41} "The lower court abused its authority and went against the evidence by making retroactive a temporary order of support that was voluntarily revoked by both parties. Defendant made payments during this time that he would not have made if he knew that the temporary order would be made retroactive."
 {¶ 42} Appellant and his wife attempted a reconciliation of their marriage while divorce proceedings were pending in 2002. The parties caused to be filed a notice to stay the pending proceedings for 90 days so that the parties could attempt a reconciliation. The entry, signed by the trial court, stated that "[a]ll orders entered herein are hereby released and rescinded at the request of the parties subject to further order of the Court or dismissal at the conclusion of the conciliation period."
 {¶ 43} The trial court indicated in its decision that appellant should pay to his wife monthly temporary spousal support payments from July 20, 2002, the date the reconciliation period ended. While we can see appellant's apparent confusion over the temporary support payments, the trial court was within its discretion to issue an order that temporary support should resume once the reconciliation failed. Appellant's tenth assignment of error is overruled.
 {¶ 44} Assignment of Error No. 11:
 {¶ 45} "The lower court abused its authority and went against the evidence by equally splitting the Salary Continuation Plan of EMS Inc. EMS Inc. was established by the substantial premarital work of defendant and shares purchased all before the marriage to the plaintiff. For plaintiff to equally profit from these premarital endeavors of defendant is unfair."
 {¶ 46} We note that the trial court found and the record supports the finding that the parties agreed that the salary continuation plan was marital property to be divided equally. We will not find that the trial court abused its discretion in the manner in which it distributed the continuation plan. Appellant's 11th assignment of error is overruled.
 {¶ 47} Assignment of Error No. 12:
 {¶ 48} "The lower court abused its authority and went against the evidence by assigning plaintiff's attorney fees to defendant. Plaintiff is a millionaire and had substantial assets to pay said fees. In addition, plaintiff, who initiated the proceedings, was awarded substantial income from defendant that would more than adequately allow her to fulfill her obligation to her attorney. Lastly, the same attorney represented plaintiff in felony charges against defendant and commingling of charges was sure to occur."
 {¶ 49} An award of attorney fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359; see R.C. 3105.18(H) (in a divorce action, the court may award reasonable attorney fees to either party at any stage of the proceedings). When a trial court determines whether to award reasonable attorney fees, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interest if it does not award reasonable attorney fees. R.C. 3105.18(H).
 {¶ 50} The trial court made findings that the wife would have been prevented from fully litigating her rights and adequately protecting her interest. Accordingly, after reviewing the record, we cannot say that the trial court abused its discretion in awarding to wife a portion of her attorney fees. Appellant's 12th assignment of error is overruled.
 {¶ 51} Judgment is affirmed in part, reversed in part, and remanded to the trial court to determine the amount and allocation of the marital bank account #3730, and to determine the allocation of the jewelry.
Powell, P.J., concurs.
Walsh, J., dissents.