OPINION
{¶ 1} Appellant, Mark R. Lewis, appeals the February, 20, 2004, decision of the Jefferson County Court of Common Pleas in his final divorce decree. On appeal, Appellant challenges the trial court's determination awarding Appellee, Juanita E. Lewis, indefinite spousal support.
 {¶ 2} The parties were married on February 14, 1981 and had one child, who is now emancipated. After more than 21 years of marriage, Appellant filed a complaint for divorce on December 23, 2002, which was uncontested.
 {¶ 3} The parties' final hearing was held on May 29, 2003.
 {¶ 4} Appellant's sole assignment of error on appeal asserts:
 {¶ 5} "The trial court abused its discretion in awarding appellee permanent spousal support."
 {¶ 6} A review of a trial court's decision as to spousal support is limited to a determination as to whether the court abused its discretion. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626,725 N.E.2d 1165. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} R.C. § 3105.18(B) provides that the court of common pleas may award reasonable spousal support to either party in a divorce proceeding, upon the request of either party and after the court determines the division or disbursement of property under R.C. § 3105.171.
 {¶ 8} R.C. § 3105.18(C) provides factors that the trial court must consider in assessing whether spousal support is appropriate, and in assessing the nature, amount, terms, and duration of support. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 414, 75 O.O.2d 474, 350 N.E.2d 413.
 {¶ 9} The R.C. § 3105.18(C)(1) factors include:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 25} However, there is no requirement that the court make specific findings of fact regarding its decision whether or not to award spousal support. Carman v. Carman (1996), 109 Ohio App.3d 698, 672 N.E.2d 1093. In the absence of a request for separate findings of fact and conclusions of law under Civ.R. 52, the trial court must only consider the R.C. §3105.18 factors; it does not have to list and comment on each of them. Id. at 703, 672 N.E.2d 1093. Thus, when a party does not request findings of fact and conclusions of law, an appellate court should presume that the trial court considered all the factors listed in R.C. § 3105.18 and all other relevant facts. Id. citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 357, 421 N.E.2d 1293; See also Hayden v. Hayden, 12th Dist. No. CA2003-08-081, 2004-Ohio-6483, at ¶ 14; Caraballo v.Caraballo, 8th Dist. No. 84039, 2004-Ohio-5387, at ¶ 15; Buist v.Columbiana Buick Olds Cadillac Inc. (Feb. 1, 2001), 7th Dist. No. 99 CA 183, at 2.
 {¶ 26} In the instant matter, the trial court awarded Appellee monthly spousal support in the amount of $1,800 until she remarries or dies. The trial court specifically reserved jurisdiction to modify the award.
 {¶ 27} According to the docket and the final hearing transcript, neither party requested findings of fact and conclusions of law.
 {¶ 28} Appellant does not challenge the fact that the court awarded spousal support nor does he challenge the amount of the support award. Appellant's sole contention on appeal is that the trial court erred in awarding indefinite spousal support.
 {¶ 29} Appellant concedes that their marriage was of a long duration and that a spousal support award was appropriate. However, he asserts that the indefinite nature of the spousal support award constitutes an abuse of discretion. He argues that Appellee's property settlement in addition to a definite period of spousal support would have been more than adequate to provide for her needs.
 {¶ 30} However, whether or not one's needs are met is not the focus of a spousal support award. In fact, "spousal support can be reasonable even if it exceeds the payee's need." Kasmer v. Kasmer, (Aug 26, 1999), 7th Dist. No. 98 CA 132, 2; Bowen v. Bowen (1999), 132 Ohio App.3d 616,725 N.E.2d 1165. As such, this argument lacks merit.
 {¶ 31} Further, the trial court specifically addressed Appellee's property settlement award in the decree. The court made a property award of $180,882.48, "in order to equalize the division of assets and debts". (Feb. 20, 2004, Final Divorce Decree, p. 4.) Appellant does not contest the property settlement. The parties' division of debts was outlined in detail in Exhibit 3 attached to the court's divorce decree.
 {¶ 32} After noting that the parties' marriage lasted more than 21 years, the trial court's spousal support analysis provided:
 {¶ 33} "THE COURT FINDS AND CONCLUDES that based upon the parties['] reasonable expenses and respective incomes, [Appellant] is capable of paying permanent alimony in the amount of $1,800 monthly. This Court hereby reserves jurisdiction to modify the amount or the terms. The complete analysis of their respective incomes and expenses are attached hereto as Exhibits 1 and 2, which exhibits are hereby incorporated by reference as if fully set forth herein." (Feb. 20, 2004, Final Divorce Decree, p. 2.) Exhibits 1 and 2 are the parties' income and expense statement summaries.
 {¶ 34} Appellant next argues that Appellee is capable of working, but that she chose to give up her 20-year bookkeeper position at his company. He claims that she was consistently earning more money every year, and if she chose to secure a job, her earnings would continue to increase.
 {¶ 35} However, Appellant fails to recognize that the trial court did consider Appellee's earning capacity in making its spousal support determination. The trial court imputed a $15,000 annual income to Appellee in Exhibit 2, which was incorporated in the final divorce decree. (Feb. 20, 2004, Final Divorce Decree, Exh. 2.) Appellee's imputed income was $1,250 per month whereas Appellant's average actual monthly income was $7,436.69. (Feb. 20, 2004, Final Divorce Decree, Exh. 2, 3.)
 {¶ 36} As such, Appellant's argument that the trial court's decision was erroneous for its failure to consider Appellee's lack of employment is incorrect and lacks merit. The trial court did consider this aspect when it imputed income to Appellee.
 {¶ 37} Finally, Appellant relies on the Ohio Supreme Court's decision in Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, for the proposition that a spousal support award should have a definite termination date.
 {¶ 38} The Supreme Court in Kunkle explained the best approach relating to the termination of a spousal support award:
 {¶ 39} "`Considering current social and economic conditions, * * * awards of alimony for sustenance and support should be made terminableupon a date certain in the vast majority of cases wherein both partieshave the potential to be self-supporting. In such cases, an award of alimony terminable upon a date certain provides both the interim supportnecessary to the recoverer of the award and certainty in the judgment.' (Emphasis added.)" Id. at 68, citing Koepke v. Koepke (1983),12 Ohio App.3d 80, 81, 12 OBR 278, 466 N.E.2d 570.
 {¶ 40} The Supreme Court in Kunkle further noted:
 {¶ 41} "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Id. at paragraph one of the syllabus.
 {¶ 42} The record in the instant matter reflects that the parties were married for more than 21 years. It also reflects that Appellant owns and operates two businesses. He started these businesses during the parities' marriage. At the time of the divorce, he earned an average annual income of $89,240.33. (Feb. 20, 2004, Final Divorce Decree, Exh. 2.) Neither party has a college education.
 {¶ 43} The record likewise reflects that Appellee was employed by Appellant's companies as a bookkeeper and doing payroll. She resigned from her employment several weeks before Appellant's complaint for divorce was filed. Had Appellee continued her employment, she would have earned approximately $15,000 in 2002. (May 29, 2003, Divorce Hearing Tr., pp. 58-60.)
 {¶ 44} In considering the evidence and the law set forth above, the trial court's spousal support determination was not an abuse of discretion. Although the record reflects that Appellee was capable of working, this was a marriage of long duration, and Appellant's income and Appellee's income potential were vastly disproportionate. Further, Exhibit 3 identified the parties' respective retirement benefits, and their relative assets and liabilities as set forth in R.C. § 3105.18(C).
 {¶ 45} In addition, this Court has previously held that Kunkle,
supra, stands for the proposition that a marriage of long duration in and of itself permits a trial court to award indefinite spousal support.Kasmer, supra, citing Vanke v. Vanke (1994), 93 Ohio App.3d 373, 377,638 N.E.2d 630; Corpac v. Corpac (Feb. 27, 1992), 10th Dist. No. 91AP-1036. "If one of the three Kunkle exceptions exist[s], then the trial court will rarely have abused its discretion by failing to set a termination date." Kasmer, supra, at 2, citing Addy v. Addy (1994),97 Ohio App.3d 204, 209-210, 646 N.E.2d 513.
 {¶ 46} Based on the foregoing, the trial court's decision to award Appellee indefinite spousal support was not an abuse of discretion. Accordingly, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.